IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST HENDERSON, et al, | No   C-05-234 VRW |
| Plaintiffs, | ORDER |
| v | |
| CITY AND COUNTY OF SAN FRANCISCO, et al, | |
| Defendants. | |
| _____/ | |

Plaintiffs, who are present and former inmates of the San Francisco County Jail, claim that the individual sheriff's deputy defendants violated plaintiffs' due process rights by using excessive force against plaintiffs and were deliberately indifferent to plaintiffs' serious medical needs during five separate incidents between December 2003 and December 2004. Plaintiffs also allege that the City and County of San Francisco, the San Francisco Sheriff's Department, the San Francisco Department of Public Health Services and Sheriff Michael Hennessey established various customs and practices that enabled the deputy defendants to violate plaintiffs' constitutional rights.  Doc #1.
//

On September 1, 2006, the court ordered defendants to provide plaintiffs with all grievances classified as "complaints against staff" that were filed in San Francisco county jail #2 between May 1, 2003, and May 1, 2004. Doc #110. On September 6, 2006, defendants requested leave to file a motion for reconsideration of the court's discovery order, Doc #112, and administratively moved to stay the discovery order pending the court's reconsideration, Doc #113.

Defendants argue that plaintiffs "cannot be relied on to comply with the court's protective order," which plaintiffs allegedly violated on August 24, 2006, by filing in the public court docket confidential personnel information previously produced by defendants. Doc #112 at 2. Reconsideration is necessary, according to defendants, because the court's discovery order relied in significant part on the existence of the parties' protective order to safeguard confidentiality. Id. As a practical matter, defendants' motion asks the court to sanction plaintiffs' alleged violations by halting discovery ordered by the court on September 1, 2006.

Wilful violation of a court order, including a protective order, may be sanctionable under the court's inherent power. Chambers v NASCO, Inc, 501 US 32, 43 (1991). The exclusion of evidence is one such sanction. See Unigard Security Ins Co v Lakewood Eng & Mfg Corp, 982 F2d 363, 368 (9th Cir 1992). Because of the severe impact of such a sanction, it must be exercised with restraint. Hence, "if there is a reasonable probability that a lesser sanction will have the desired effect, the court must try the less restrictive measure first." Natural Gas Pipeline Co of

2

<u>America v Energy Gathering, Inc</u>, 86 F3d 464, 467 (5th Cir 1996).

Absolving defendants of their duty to produce the grievances under the court's order is not an appropriate remedy. First, because the grievances have not yet been produced, the court cannot assess the effect denying this discovery to plaintiffs would impose. Hence, the court is unable to determine whether defendants' proposed sanction would exceed the punishment necessary to ensure such abuses are not repeated. See <u>Chambers</u>, 501 US at 56-57. Second, the court's order of September 1, 2006, resolved a longstanding discovery dispute that consumed exceptional resources of both the parties and the court; for the sake of judicial economy, the court should not disturb this difficult compromise.

Accordingly, defendants' request for leave to file a motion for reconsideration is DENIED. Further, the court ORDERS defendants to produce the requested discovery pursuant to the court's order on or before October 9, 2006. If the discovery yields new evidence that would aid the court in deciding the motions presently under submission, plaintiffs shall submit the findings in a letter brief not to exceed ten pages on or before October 19, 2006.

//
//
//
//
//
//
//
//

3

Regarding plaintiffs' alleged violation of the court's protective order, the court invites defendants to serve and file a motion for such relief as may be appropriate.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge