IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EARNEST HENDERSON, et al,

    Plaintiffs,

    v

MIGUEL PRADO, et al,

    Defendants.

_____/

No   C-05-0234 VRW
      C-05-4220 VRW

ORDER

        Plaintiffs are present and former inmates of the San Francisco county jail who claim that sheriff's deputies violated their due process rights by using excessive force against them during six separate incidents between December 2003 and December 2004. Doc #1. Plaintiffs also allege that the City and County of San Francisco, the San Francisco Sheriff's Department and Sheriff Michael Hennessey established various customs and practices that enabled the deputies to violate plaintiffs' constitutional rights. Doc #1.

        On December 1, 2006, the court granted summary judgment to defendants on most of the claims in the case, including all causes of action against the City, the San Francisco Sheriff's

Department and Sheriff Michael Hennessey.  Doc #167.  Remaining in this case are four claims of excessive force against deputy Prado (one plaintiff's allegation includes other deputy defendants).  In the summary judgment order, the court also granted defendants' motion for separate trials of each plaintiff's claim under FRCP 42(b).  Doc #167.  At a case management conference shortly thereafter, the court decided to reconsider defendants' motion for separate trials and requested further briefing on the issue.  Doc #170.  For reasons stated below, the court reinstates its earlier disposition and GRANTS defendants' motion.

I

FRCP 42(b) provides that "[t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim * * * or of any issue or of any number of claims * * * ."  The decision whether to conduct separate trials under this rule is committed to the trial court's discretion.  <u>Hangarter v Provident Life and Accident Insurance Co</u>, 373 F3d 998, 1021 (9th Cir 2004).  "To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation."  <u>Southwest Marine Inc v Triple A Machine Shop, Inc</u>, 720 F Supp 805, 807 (ND Cal 1989).  See also William W Schwarzer, et al, <u>Federal Civil Procedure Before Trial</u> § 6:101 (2001).

Judicial convenience militates in favor of consolidating the trials because some evidence appears to be cross-admissible for each plaintiff, such as testimony from plaintiffs' jail policy

2

experts. But the court must also evaluate the threat of prejudice to defendants, as "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." <u>Johnson v Celotex Corp</u>, 899 F2d 1281, 1285 (2d Cir 1990).

Because plaintiffs' claims arise out of separate incidents, the court informed counsel at the case management conference that a consolidated trial may implicate FRE 404(b)'s prohibition of character evidence. FRE 404(b) forbids admission of other-acts evidence to prove a person's character "to show action in conformity therewith." The rule provides that such evidence "may, however, be admissible for other purposes," such as proof of motive, intent, plan or absence of mistake or accident. FRE 404(b). At the case management conference, plaintiffs' counsel suggested that each incident evinces deputy Prado's predilection for violence — a plainly impermissible ground for admission. As the court noted, if evidence of each incident involving Prado is used "to show action in conformity therewith," Prado would be unduly prejudiced by a consolidated trial.

In their subsequent briefing, plaintiffs attempt to forge a way around FRE 404(b), but to no avail. Plaintiffs contend that each incident is admissible for the excessive force claims to show Prado's motive, intent, lack of accident or mistake and plan. Doc #173 at 6. In particular, plaintiffs aver that Prado responded to every unwelcome remark from an inmate by "aggressively attacking and beating" the inmate. Doc #173 at 7. Although plaintiffs rely on FRE 404(b), this theory more closely aligns with FRE 406, which provides that "[e]vidence of the habit of a person * * *, whether corroborated or not and regardless of the presence of eyewitnesses,

3

is relevant to prove that the conduct of the person * * * on a particular occasion was in conformity with the habit or routine practice." The Advisory Committee note to FRE 406 clarifies the distinction between character and habit evidence:

> Character and habit are close akin. Character is a generalized description of one's disposition, or of one's disposition in respect to a general trait, such as honesty, temperance, or peacefulness. "Habit," in modern usage, both lay and psychological, is more specific. It describes one's regular response to a repeated specific situation. * * * A habit * * * is the person's regular practice of meeting a particular kind of situation with a specific type of conduct, such as the habit of going down a particular stairway two stairs at a time, or of giving the hand-signal for a left turn, or of alighting from railway cars while they are moving. The doing of the habitual acts may become semi-automatic.

FRE 406 Advisory Committee note (quoting McCormick § 162, 340). The Advisory Committee note further counsels that "evidence of other assaults is inadmissible to prove the instant one in a civil assault action" (emphasis added).

In the present situation, an inmate's "comments" do not qualify as a "particular" stimulant as set forth in the Advisory Committee note; nor do the assorted scuffles described by each plaintiff constitute a "semi-automatic" habit of Prado. As the Advisory Committee note makes plain, evidence of prior assaults cannot be regarded as habit evidence under FRE 406.

Likewise, plaintiffs fail to persuade the court that evidence of Prado's alleged assaults complies with FRE 404(b). Plaintiffs offer the broad assertion that evidence of each incident demonstrates Prado's motive and plan to injure inmates at the San Francisco county jail. See Doc #173 at 7 (claiming that the other-acts "go directly towards [Prado's] motive, intent, lack of

4

accidents or mistake and plan"). But plaintiffs cannot avoid FRE 404(b) by recasting Prado's alleged propensity for violence as a motive or plan. When plaintiffs' theory is stripped of its "semantic camouflage," all that remains is an attempt to establish Prado's propensity to attack inmates. See <u>Clark v Martinez</u>, 295 F3d 809, 813 (8th Cir 2002).

In the alternative, plaintiffs contend that the other-acts evidence is admissible to show Prado's intent to injure plaintiffs, but intent is not a disputed issue here. In this regard, the present suit is akin to <u>Clark v Martinez</u>, 295 F3d 809, 813 (8th Cir 2002), in which plaintiffs attempted to offer evidence that defendant used excessive force on another occasion to prove intent. The Eighth Circuit found decisive the fact that defendant's intent to strike plaintiff was not in dispute, as defendant admitted to using force but maintained that such force was reasonable. This admission undermined the probative value of defendant's other alleged assault, rendering the evidence inadmissible under FRE 403. Here, as in <u>Clark</u>, Prado does not contest his intent to apply force to each plaintiff, mitigating plaintiffs' need to adduce evidence to prove Prado's intent.

The court also notes that none of the cases cited by plaintiffs alters the court's conclusion. Both <u>Young v Rabideau</u>, 821 F2d 373 (7th Cir 1987), and <u>United States v Wonderly</u>, 70 F3d 1020 (8th Cir 1995), are inapposite because defendants in those cases claimed mistake and accident as defenses. No such defenses are proffered by Prado.

//

//

## II

In sum, plaintiffs fail to establish that evidence of each incident involving Prado will be admissible to prove intent as to any other incident. Once the court granted summary judgment for the City, the San Francisco Sheriff's Department and Sheriff Michael Hennessey, the remaining common factual thread is the fact that Prado is a defendant. See <u>Enterprise Bank v Saettele</u>, 21 F3d 233, 236 (8th Cir 1994) (abuse of discretion to hold a joint trial without specific common questions of law or fact other than identity of defendant). As such, a consolidated trial invites the jury to infer impermissibly from each alleged assault that Prado has a propensity for violence. Separate trials are necessary to ensure Prado obtains a fair trial. Accordingly, the court GRANTS defendants' motion for separate trials of plaintiffs' claims under Rule 42(b). Pretrial is set for July 10, 2007, at 9:00 am.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge