# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST HENDERSON, JANEL GOTTA, AARON RAULS, MICHAEL PEREZ, ARTURO PLEITEZ,<br><br>Plaintiffs<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO SHERIFF'S DEPARTMENT, SAN FRANCISCO DEPARTMENT OF PUBLIC HEALTH SERVICES, SHERIFF MICHAEL HENNESSEY, DEPUTY GLENN YOUNG, DEPUTY MIGUEL PRADO, DEPUTY LARRY NAPATA, AND DOES 1-11,<br><br>Defendants. | Case No.C05-0234 VRW/WAF<br><br>ORDER<br><br>MODIFIED JURY INSTRUCTIONS (EARNEST HENDERSON TRIAL)<br><br>Date Action Filed: Jan. 14, 2005<br>Pretrial Conference: Sept. 14, 2007<br>Trial Judge: William A. Fletcher<br>Trial Date: Sept. 24, 2007 |

　　　As stated in the accompanying ORDER Resolving Motions in Limine and Contested Jury Instructions, the Court intends to give the attached instructions, as modified.

## DEFENDANTS' SPECIAL INSTRUCTION NO. 2
## (AS MODIFIED BY THE COURT)
## LAWFUL USE OF FORCE BY JAIL OFFICIALS

As custodians of the County Jail and of the prisoners confined there, defendants had the lawful authority to maintain order and safe conditions in the jail.

Defendants had the lawful authority to use such physical force as may have been reasonably necessary to enforce compliance with proper instructions, and to protect other persons as well as themselves from physical harm at the hands of any prisoner, including plaintiff.

If you find from a preponderance of the evidence in this case that the acts done by each defendant were done for any one or more of the lawful purposes mentioned, and were not excessive to accomplish those purposes, you must find that the conduct of defendant was within the bounds of his lawful authority.

# DEFENDANTS' SPECIAL INSTRUCTION NO. 5
## (AS MODIFIED BY THE COURT)
## QUALIFIED IMMUNITY

If you find that a defendant used excessive force, as defined elsewhere in these instructions, you must then decide whether a reasonable deputy in the defendant's position reasonably but mistakenly could have believed that Earnest Henderson posed a sufficient threat to one or more of the deputies in the jail's Multi-Purpose Room to justify that force.

In making this determination what a reasonable deputy could have believed, keep in mind that you must not critique in hindsight decisions necessarily made in haste and under pressure.

When you consider what a reasonable deputy in the defendant's position could have believed, do not base your decision on what the particular defendant actually believed. Rather, you must consider what a reasonable deputy in the defendant's position could have believed.

It is the burden of the defendant to prove by a preponderance of the evidence, as to each of the defendants, that a reasonable deputy in the defendant's position could have reasonably but mistakenly believed that Earnest Henderson posed a sufficient threat to one or more of the deputies in the jail's Multi-Purpose Room to justify the force that was used.

# PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 5
## (AS MODIFIED BY THE COURT)
## USING FORCE AGAINST AN INMATE WHO IS NOT RESISTING OR NO LONGER RESISTING

In determining whether the force used against Mr. Henderson was excessive, relevant considerations include (1) whether a reasonable officer would have believed that Mr. Henderson was resisting, and (2) if you determine that Mr. Henderson was resisting, the degree of resistance.

## DEFENDANTS' INSTRUCTION 5.1 & 5.2
## (AS MODIFIED BY THE COURT)
## DAMAGES—PROOF & MEASURE

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

In determining the measure of damages, you should consider:

> The nature and extent of the injuries to the plaintiff;
>
> the loss of enjoyment of life experienced by the plaintiff now and in the future;
>
> the pain and suffering already experienced by the plaintiff; and
>
> the pain and suffering that the plaintiff will experience in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

# DEFENDANTS' INSTRUCTION NO. 3940
# (AS MODIFIED BY THE COURT)
# ADDITIONAL FACTORS IN SETTING AMOUNT OF PUNITIVE DAMAGES

If you determine that an award of punitive damages is proper under the law as to a defendant, you should also consider the following factors in determining the appropriate amount of punitive damages to award:

1. Is there a reasonable relationship between the amount of punitive damages and Earnest Henderson's harm, or between the amount of punitive damages and potential harm that the defendant knew was likely to occur because of his conduct?

2. In view of each defendant's financial condition, what amount is appropriate to punish him and discourage future wrongful conduct?

IT IS SO ORDERED

Dated:     9/17/07

By: _____

The Honorable William A. Fletcher

United States Circuit Judge for the

   Court of Appeals of the Ninth Circuit,

sitting by designation