UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST HENDERSON,<br><br>    Plaintiff,<br><br>v.<br><br>DEPUTY GLENN YOUNG, DEPUTY MIGUEL PRADO, DEPUTY LARRY NAPATA,<br><br>    Defendants. | Case No.C05-0234 VRW/WAF<br><br>ORDER RESOLVING MOTIONS IN LIMINE<br><br>(EARNEST HENDERSON TRIAL)<br><br>Date Action Filed: Jan. 14, 2005<br>Pretrial Conference: Jan. 29, 2008<br>Trial Judge: William A. Fletcher<br>Trial Date: Feb. 12, 2008 |

      The matters of Plaintiff's and Defendants' Motions in Limine, and Contested Jury Instructions, came before the Court on January 29, 2009, at the pretrial conference for the retrial scheduled to begin February 12, 2008. After reviewing all of the papers and hearing oral argument, the Court orders as follows:

(1)    The Court deems all Motions in Limine made during the first Henderson trial to have been renewed by the parties. Except as described below, the Court rules on those motions consistent with its Order of September 17, 2007. The parties retain a continuing objection to any adverse ruling.

(2)    Plaintiff's Motion in Limine I is DENIED. The "jail cards" of Plaintiff and

Plaintiff's witnesses will be admitted, subject to Plaintiff and Defendants agreeing to redact irrelevant or unduly prejudicial information.

(3) Plaintiff's Motion in Limine II is GRANTED in part. Pending confirmation by the Court that they will not be cumulative or unduly prejudicial, Plaintiff's medical bills will be admitted, with financial information redacted, in order to show the extent of medical services rendered. The parties will confer, and will reraise the issue with the Court outside the presence of the jury, before any final decision on admission will be made.

(4) Plaintiff's Motion in Limine III is DENIED. Dr. Strassberg will not testify regarding the injuries to Mr. Woodfox.

(5) Defendants' Motion in Limine I is DENIED. The internal affairs documents related to the Correa incident will be admitted.

(6) Defendants' Motion in Limine II is GRANTED in part. Defendants will be allowed to introduce a stipulation by Plaintiff that Michael Perez and Oscar Acosta are members of the same gang.

(7) Each party will be allowed twelve hours to present its case to the jury. This time includes cross examination by a party of an opposing party's witness. This time excludes cross examination by an opposing party, opening statements, and closing statements. The Court will adjust these time limits if necessary.

(8) In order to ensure a fair opportunity to present evidence while avoiding undue delay, Plaintiff may present one witness for each of the secondary incidents involving Deputy Prado. Defendants are allowed one hour for responding to each incident. This hour includes testimony of Deputy Prado regarding each incident and excludes cross examination by Plaintiff.

(9) The parties will not present evidence such as audio or video during opening statements, but may refer to a floor plan of the Jail.

(10) The Court hereby memorializes the parties' agreement to avoid any reference in the presence of the jury that the City and County of San Francisco was (or is) a party to the case.

(12) The Court will rule on the parties' suggested changes to jury instructions in a separate order on or before Friday noon, February 8, 2008. The Court anticipates no major changes. The Court will issue a Draft Special Verdict Form consistent with its jury instructions before the close of evidence.

IT IS SO ORDERED

Dated:   January 29, 2008   

By: _____
The Honorable William A. Fletcher
United States Circuit Judge for the
Court of Appeals of the Ninth Circuit,
sitting by designation