# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST HENDERSON<br><br>       Plaintiff<br><br> v.<br><br>DEPUTY GLENN YOUNG, DEPUTY MIGUEL PRADO, DEPUTY LARRY NAPATA<br><br>       Defendants. | Case No.C05-0234 VRW/WAF<br><br>SUPPLEMENTAL ORDER REGARDING SUBSTANTIVE LAW APPLICABLE TO CLAIM<br><br><br>Trial Judge: William A. Fletcher<br>Trial Begun: Feb. 12, 2008. |

On September 21, 2007, the Court issued an order containing the jury instructions it would use to describe the substantive law governing Earnest Henderson's claim of excessive force. *See Henderson v. City and County of San Francisco*, No. 05-0234, 2007 WL 2778682, 2007 U.S. Dist. LEXIS 74198 (N.D. Cal., Sept. 21, 2007). That order concluded, as a matter of first impression in Ninth Circuit, that where a prisoner complains that he was subjected to excessive force prior to conviction but following arraignment, his claim is governed directly by Due Process Clause of the Fourteenth Amendment rather than the Fourth or Eighth Amendment. *See Henderson,* 2007 WL 2778682, *2, 2007 U.S. Dist. LEXIS 74198, *6. Under this standard, the Court concluded, "the same general

parameters for the use of force [as] in a post-conviction context apply. . . , with the additional proviso that force in the pretrial context may not be used as a form of punishment." *Id.* On October 16, 2007, the jury informed the Court that it was unable to reach a unanimous verdict. The Court subsequently dismissed the jury and scheduled this retrial to begin on February 12, 2008.

On February 25, at the conclusion of the retrial, the Court issued a substantially similar instruction regarding Henderson's excessive force claim. That instruction read:

> In order for plaintiff Henderson to prove that one or more of the defendants used excessive force in violation of his constitutional rights, he must prove by a preponderance of the evidence that one or more of the defendants inflicted pain or injury on him unnecessarily and wantonly. In this context, unnecessary and wanton infliction of pain or injury is the sadistic and malicious infliction of pain or injury for the purpose of causing harm. In determining whether defendants unnecessarily and wantonly inflicted pain or injury, you may consider (1) the need for the application of force against plaintiff Henderson, (2) the relationship between that need and the amount of force used, (3) whether the force was used in a good faith effort to maintain or restore order, (4) the threat defendants reasonably perceived to be posed by plaintiff Henderson, (5) any efforts by the defendants to temper or reduce the degree of force used, and (6) the severity of pain or injury inflicted on plaintiff Henderson.

Before the Court issued the above instruction, its attention was called to two cases that had informed, though not been cited in, its order of September 21, 2007. *See Lolli v. County of Orange*, 351 F.3d 410 (9th Cir. 2003); *Gibson v. County of Washoe*, 290 F.3d 1175 (9th Cir. 2002). For the sake of clarity and completeness,

the Court hereby notes that these cases are consistent with its conclusion that the Due Process Clause of the Fourteenth Amendment alone governs the use of force against a prisoner during the period between arraignment and conviction.

In addressing these cases, it is important to begin with the precedent on which they both rely: *Pierce v. Multnomah County*, 76 F.3d 1032 (9th Cir.1996). In *Pierce*, a woman arrested for boarding a train without proof of payment alleged that she was subjected to excessive force while in detention and before arraignment. *Id.* at 1036, 1042. In deciding Pierce's claim, the court examined what standard governed the legality of the force employed "at this particular juncture of the custodial continuum." *Id.* at 1042-43. The court first noted that the Eighth Amendment did not govern Pierce's claim because "the Eighth Amendment's prohibition against the malicious or sadistic use of force does not apply 'until after conviction and sentence.'" *Id.* at 1242 (quoting *Graham v. Connor*, 490 U.S. 386, 392 n.6 (1989)). It then reasoned that the "precedent which applies the Fourth Amendment standard to assess the constitutionality of the duration of or legal justification for a prolonged warrantless, post-arrest, pre-arraignment custody [mandates] that the Fourth Amendment should also apply to evaluate the condition of such custody." *Id.* at 1043 (emphasis and citations omitted). The Court therefore concluded that "the Fourth Amendment sets the applicable constitutional limitations on the treatment of an arrestee detained

without a warrant *up until the time such arrestee is released or found to be legally in custody based upon probable cause for arrest*." *Id.* (emphasis added).

In short, *Pierce* (1) reaffirms that the Eighth Amendment applies only to the treatment of individuals who have been convicted and sentenced, (2) holds that the Fourth Amendment applies following an arrest and prior to arraignment, and (3) suggests that the Fourth Amendment applies *only* "up until the time [an] arrestee is released or found to be legally in custody based upon probable cause for arrest." *Id.*

*Gibson* and *Lolli* relied on the second of these propositions; they did not implicate the third. In *Gibson*, the wife of a manic depressive arrestee alleged that sheriff's deputies had employed excessive force to restrain her husband while he was detained prior to arraignment. *Gibson*, 209 F.3d at 1180-87. Relying on *Pierce*, the court stated, "[W]e have determined that the Fourth Amendment sets the 'applicable constitutional limitations' for considering claims of excessive force during pretrial detention. *Id.* at 1197 (quoting *Pierce*, 76 F.3d at 1043). The court then briefly balanced "the nature and quality of the intrusion on [Gibson's] Fourth Amendment interests against the countervailing government interests at stake," *id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)), and concluded that the deputies had not acted unreasonably.

If we were to ignore its factual context, *Gibson*'s statement that the Fourth

Amendment applies to "claims of excessive force during pretrial detention" might be read broadly to govern pretrial detention both before and after arraignment. However, such a reading would be inconsistent with *Gibson*'s explicit reliance on *Pierce*, the language and logic of which clearly distinguished between pre- and post-arraignment detention, and with the fact that *Gibson* did not involve the post-arraignment use of force. *See Pierce*, 76 F.3d at 1043 (stating that Fourth Amendment applies "up until the time such arrestee is released or found to be legally in custody based upon probable cause for arrest"). In short, it is highly unlikely that *Gibson*'s general restatement of *Pierce*'s standard for excessive force in the pre-arraignment context was intended to extend the coverage of the Fourth Amendment to a set of facts that was not before the court and was explicitly distinguished in *Pierce*.

The Ninth Circuit repeated *Gibson*'s statement that the "Fourth Amendment sets the applicable constitutional limitations for considering claims of excessive force during pretrial detention" in *Lolli*, 351 F.3d at 415, (quoting *Gibson*, 209 F.3d at 1197) (internal quotation marks omitted in *Lolli*). As in *Gibson*, the facts in *Lolli* involved the pre-arraignment use of force. The court in *Lolli* thus had no occasion to consider the standard for excessive force following arraignment. Rather, the court simply relied on *Gibson* (which had relied on *Pierce*) for the proposition that the Fourth Amendment protects pretrial detainees prior to

arraignment. *Id.* at 412-413.

In sum, *Pierce, Gibson,* and *Lolli* make clear that the Fourth Amendment regulates the use of force against detainees prior to arraignment. *Gibson* and *Lolli* do little to undermine *Pierce*'s suggestion that the Fourth Amendment's protections against unreasonable seizure end once a detainee is "found to be legally in custody based upon probable cause for arrest." *Pierce*, 76 F.3d at 1043. The Court therefore remains convinced that, for the reasons stated in its order of September 21, 2007, the Due Process Clause alone applies to the use of force after arraignment and before conviction.

IT IS SO ORDERED.

Dated: February 27, 2008

By: *William A. Fletcher*

The Honorable William A. Fletcher
United States Circuit Judge for the
Court of Appeals of the Ninth Circuit,
sitting by designation