IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST HENDERSON, JANEL GOTTA, AARON RAULS, MICHAEL PEREZ, ARTURO PLEITEZ,<br><br>    Plaintiffs,<br><br>    v<br><br>CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO SHERIFF'S DEPARTMENT, SAN FRANCISCO DEPARTMENT OF PUBLIC HEALTH SERVICES, SHERIFF MICHAEL HENNESSEY, DEPUTY GLENN YOUNG, DEPUTY MICHAEL PRADO, DEPUTY LARRY NAPATA, AND DOES 1-11,<br><br>    Defendants.<br>_____/ | No   C 05-0234 VRW<br><br>ORDER |

        Janel Gotta was one of six plaintiffs who filed this complaint on January 14, 2005. Doc #1. On March 24, 2009, City and County of San Francisco, San Francisco Sheriff's Department, San Francisco Department of Public Health Services and Sheriff Michael Hennessey ("defendants") moved for entry of separate judgment under Federal Rule of Civil Procedure, Rule 54(b) against Gotta. Doc #445. Gotta did not file a memorandum of opposition or a statement of nonopposition.

On May 13, 2009, the court ordered Gotta to show cause why the defendants' motion for entry of separate judgment should not be granted. Doc #451. The court informed Gotta that failure to comply with the court's May 13 order would be deemed grounds to grant defendants' motion. Id. The order was mailed to Gotta at her address of record on May 13, 2009. Doc #452. The court-imposed deadline has passed and Gotta has not responded to the court's order.

After considering the moving papers and authorities submitted by defendants, as well as Gotta's lack of opposition and response, the court finds that judgment against Gotta is appropriate.

Federal Rule of Civil Procedure, Rule 54(b) governs entry of judgment on fewer than all claims or fewer than all parties in an action involving multiple claims and multiple parties. FRCP Rule 54(b). To enter a final partial judgment, the court must determine that it is dealing with a final judgment and that there is no just reason for delay. <u>Curtiss-Wright Corp v General Electric Co</u>, 446 US 1, 7-8 (1980). A "final judgment" must be a "decision upon a cognizable claim for relief" and it must be "an ultimate disposition of an individual claim entered in the course of a multiple claims action." Id at 7. In determining whether there is a just reason for delay, the court will look to judicial administrative interests as well as the equities involved. Id at 8. Similar legal facts or issues that may require the appellate court to review legal or factual issues similar to those in the pending claims will "weigh heavily against entry of judgment" under Rule 54(b). <u>Morrison-Knudson Co v Archer</u>, 655 F2d 962, 965 (9th

Cir 1981).

There is no just reason for delay in entering partial judgment against Gotta.  There has been a final determination of all of Gotta's claims.  Gotta brought action against the defendants for inadequate psychiatric staffing amounting to deliberate indifference to her medical needs and for excessive force in violation of her due process rights.  Doc #1.  The defendants moved for summary judgment and their motion was granted in full for Gotta's claims.  Doc #167, at 15-28.  Gotta's motion to amend her complaint to add additional defendants was denied.  Id at 31-34.  Accordingly, all of Gotta's asserted claims have been determined and there is a "final judgment" as required by Rule 54(b).

A partial judgment facilitates the settlement of the case and the disposition of the claims of the remaining parties. Settlement agreements serve efficient judicial administration by "[conserving] judicial time and [limiting] expensive litigation." <u>Speed Shore Corp v Denda</u>, 605 F2d 469, 473 (9th Cir 1979).  Gotta, alone among the plaintiffs, has refused to execute a conditional settlement agreement which had previously been agreed upon by all the parties involved.  Doc #436 at 6.  Her refusal serves as an impediment to the settlement of the five other plaintiff's claims because defendants' settlement decision is based in significant part on defendants' ability to assess future costs of litigation, and until Gotta's case is resolved the defendants cannot make a reasonable assessment of future litigation costs.

While Gotta's claims against the defendants share some factual issues with those of the other plaintiffs, there are significant differences. Gotta did not claim, as the other

**3**

1  plaintiffs did, that she was the victim of an unprovoked attack by
2  deputies.  Doc #1 at 7-22.  Rather, Gotta claimed that the deputies
3  who used force on her were inadequately trained in how to deal with
4  mentally ill patients.  Doc #1 at 17, ¶73-76.  Furthermore, Gotta's
5  medical claims revolve around the mental health treatment she
6  should have received before and during her incident, whereas the
7  other plaintiffs challenged the post-incident medical treatment
8  that resulted from the force used against them.  Doc #167 at 27.
9  As the facts of the claims are dissimilar, the risk of duplicate
10 issues on appeal is minimal.

11         An analysis of the equities supports the entry of partial
12 judgment against Gotta.  All of Gotta's claims have been
13 determined, so entry of a partial judgment does not prejudice her
14 ability to litigate this case.  Additionally, Gotta's refusal to
15 participate in the settlement penalizes the remaining plaintiffs
16 and defendants who are committed to settlement.  The entry of a
17 judgment removes an impediment and increases the chances that the
18 remaining parties can reach settlement.

19         Accordingly, the court GRANTS partial judgment in favor
20 of the defendants on all of Janel Gotta's claims.  Counsel for
21 defendants shall prepare and submit a proposed form of judgment.

24         IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge